## Estate of John Eisenbrey, Jr., deceased. Appeal of the Pennsylvania Company for Insurance on Lives and Granting Annuities, Executors and Trustees.

*Will—Advancements—Contract.*

Testator in his lifetime conveyed real estate to his son E. and took in payment therefor two bonds and mortgages and a promissory note. He died before the maturity of the bonds and notes. After his death E. continued to pay interest on the bonds and notes to his father's executor until his own death twenty years afterwards. Testator gave the residue of his estate in trust for the payment of annuities, and after payment of the same the residue was be to increased " for purposes of distribution, by the aggregate of all debts and advances, without interest, however, which must not be charged, which shall at the time of my decease, be chargeable against my children, as well those hereafter made as those now existing, which I declare to be as follows: E. has not been advanced." He then enumerated advances made to four of his children and the indebtedness of one daughter, but made no reference whatever either to the bonds and mortgages or the promissory note of his son held by him at the date of the execution of his will. *Held,* that the bonds, mortgage and note were not advancements but were debts due by E. to his father's estate.

Argued Jan. 20, 1897. Appeal, No. 464, Jan. T., 1896, by the Pennsylvania Company for Insurance on Lives and Granting Annuities, executors and trustees of John Eisenbrey, Jr., deceased, from decree of O. C. Phila. Co., Jan. T., 1885, No. 325, sustaining exceptions to adjudication. Before STERRETT, C. J., GREEN, WILLIAMS, MCCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Exceptions to adjudication.

The facts appear by the opinion of HANNA, P. J., which was as follows:

The question raised by the exceptions is whether the share of Edwin T. Eisenbrey, a deceased son of testator, is to be charged with the amount of two bonds and mortgages executed by him to his father on April 10, 1872, for $27,800, and of his promissory note to his father, dated the same day, for $4,500. The mortgages were payable at the expiration of five and ten years, respectively, and the promissory note was payable two

years after date.   Testator died in September, 1872, prior to
the maturity of either of the bonds and mortgages or promissory
note.   After the death of his father Edwin T. Eisenbrey con-
tinued to pay interest upon his bonds and mortgages to the
executors until April 1, 1893, and upon his promissory note
until April 10, 1894.   He died February 15, 1895, leaving
unpaid his bonds and mortgages and promissory note.

Testator executed his will on April 23, 1872, and a codicil
thereto July 9, 1872.   By his will he bequeathed and devised
all the residue of his estate to the accountant in trust for pay-
ment of annuities, and after payment of the same, to increase
the residue "for purposes of distribution, by the aggregate of
all debts and advances, without interest, however, which must
not be charged, which shall, at the time of my decease, be
chargeable against my children, as well those hereafter made
as those now existing, which I declare to be as follows : Edwin
T. Eisenbrey has not been advanced."   He then enumerated
advances made to four of his children and the indebtedness of
one daughter, but made no reference whatever either to the
bonds and mortgages or the promissory note of his son Edwin
T. Eisenbrey held by him at the date of the execution of his
will.   As testator expressly declared he had not made any
advances to his son, and did not recite in his will the bonds and
mortgages and promissory note, it is safe to assume he did not
include them as debts due by his son which were to be treated
as advancements in the final distribution of his estate, as di-
rected in the subsequent provisions of his will.   Other reasons
might be mentioned why these evidences of indebtedness were
not in the mind of the testator.   It is sufficient to say, how-
ever, that the facts and circumstances show that the bonds and
mortgages and note were given as part, if not the whole, con-
sideration for the conveyance by testator to his son of the real
estate mortgaged, and were treated by him as part of the gen-
eral assets of his estate.   A very significant fact is, that after
the death of testator the bonds and mortgages and note were
not considered, either by the accountant or by the said Edwin
T. Eisenbrey, as advancements or debts, to be treated as such.
On the contrary, for more than twenty years they were held as
investments of the estate.   Edwin T. Eisenbrey paid interest
upon both his mortgages and promissory note, and it was divided

;as income of the estate among the cestuis que trust, including himself.

After careful consideration the auditing judge is satisfied that the former conclusion reached is erroneous, and the scheme of distribution should be corrected. The bonds and mortgage are therefore directed to be retained by the accountant, to be collected and accounted for hereafter in a further account as an asset of the estate, and so with the promissory note of Edwin T. Eisenbrey. This is also to be retained for collection out of the separate estate of said Edwin T. Eisenbrey, and in like manner to be hereafter accounted for. The exceptions are accordingly sustained. The schedule of distribution is directed to be modified in conformity with this opinion, and a final decree is to be prepared by counsel.

*Errors assigned* were in sustaining exceptions to adjudication.

*John G. Johnson*, for appellant.

*A. T. Freedley*, for appellee.

PER CURIAM, February 8, 1897:

We are not convinced there is any error in the decree from which this appeal was taken. For reasons given by the learned president of the orphans' court, sustaining the exceptions to his adjudication, etc., we think the assignments of error should be overruled and the decree affirmed.

Decree affirmed and appeal dismissed at appellant's costs.